COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


FRANK CASTRO, s/k/a
 FRANK D. CASTRO
                                     MEMORANDUM OPINION[*] BY
v.   Record No. 0216-99-4           JUDGE JAMES W. BENTON, JR.
                                          JANUARY 11, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Charles H. Duff, Judge Designate

             Peter M. Baskin (Pelton, Balland, Young,
             Demsky, Baskin & O'Malie, P.C., on brief),
             for appellant.

             H. Elizabeth Shaffer, Assistant Attorney
             General (Mark L. Earley, Attorney General, on
             brief), for appellee.


     Frank D. Castro conditionally pled guilty to a charge of

driving under the influence of alcohol, reserving his right to

appeal the admissibility of the breath analysis certificate.  He

contends the trial judge erred in ruling that the police officer's

training to administer the breath test complied with the

requirements of Code § 18.2-268.9.  We disagree and affirm the

conviction.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

We addressed the requirements of Code § 18.2-268.9 in
Reynolds v. Commonwealth, 30 Va. App. 153, 515 S.E.2d 808 (1999).
There, we held that an officer who had received forty hours of
training on the Breathalyzer 900-A instrument and an additional
eight hours of training on the Intoxilyzer 5000 met the
requirements of the statute. See id. at 160-62, 515 S.E.2d at
811-13. That holding is dispositive of the issue raised in this
appeal.

The evidence proved that the officer possessed a current
license issued by the Division of Forensic Sciences to operate
breath test equipment. The officer testified that he received
forty hours of training concerning the Breathalyzer 900-A at the
Division of Forensic Sciences during a one-week course in 1996.
In 1998, he completed an additional eight-hour course concerning
the operation of the Intoxilyzer 5000, which is the machine he
used to test Castro.

On cross-examination, the officer testified that the forty
hours of training covered the theory, administration, and
operation of the Breathalyzer 900-A. The training also included
instruction on toxicology, pharmacology, physiology, and the
effects of alcohol on the human body. The eight hours of
additional training the officer received in 1998 related
"predominately [to] usage of the [Intoxilyzer 5000]." The course

-

included instruction about the parts of the machine, the procedures to be followed, and the operation of the machine.

In Reynolds, we ruled as follows:

> [W]e hold that Code § 18.2-268.9 requires forty hours of training on "breath test equipment" in general and does not mandate the instruction on a particular make or model. The language of the statute refers to forty hours of instruction on "the breath test equipment and the administration of such tests." Code § 18.2-268.9 (emphasis added). Contrary to appellant's interpretation, the statute does not limit the training program to a particular machine; rather, it requires training on "breath test equipment" and the procedures involving the breath tests. If the legislature had intended that operators undergo a forty-hour training program for each individual type of breath test equipment, then it would have said so in the statute.

30 Va. App. at 160, 515 S.E.2d at 811.

We decline Castro's invitation to scrutinize the forty-hour course established by the Division of Forensic Sciences and to find that certain isolated topics do not apply to the operation of breath test equipment or the administration of breath tests. Nothing in Code § 18.2-268.9 or the administrative regulations enacted to implement the statute, see 1 Va. Admin. Code § 30-50-100, at 99-100 (1996), requires a licensee to take forty hours of training on each breath test device. Applying the ruling in Reynolds, we hold that the trial judge did not err in admitting the results of the Intoxilyzer 5000 breath test.

-

Accordingly, we affirm the conviction.

<u>Affirmed</u>.